United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

————————————

m 04-41358
Summary Calendar

————————————

IN THE MATTER OF:

JAMES DOUGLAS IMPSON,

Debtor.

JAMES DOUGLAS IMPSON,

Appellant,

VERSUS

DANIEL JACOB GOLDBERG,

Appellee.

————————————————

Appeal from the United States District Court
for the Eastern District of Texas
m 1:04-CV-621

————————————————

Before DAVIS, SMITH, and STEWART,
   Circuit Judges.

PER CURIAM:[*]

James Impson is a *pro se* federal prisoner. He filed a chapter 7 bankruptcy proceeding as debtor. In the bankruptcy court, creditor Daniel Goldberg moved to dismiss , and Impson filed no opposition. The bankruptcy court accordingly entered an order of dismissal on July 16, 2004

Impson filed a notice of appeal to the district court 35 days later, on September 2, 2004. The district court dismissed the appeal on the ground that it was untimely under FED. BANKR. R. 8002(a), which requires that a notice of appeal be filed within 10 days. Impson timely filed a notice of appeal to this court.

In his brief, Impson admits that he "is unable to offer any legal authority which supports his claim, so [he] will appeal to the common sense of this court to decide the issues." Impson asserts that he did not always receive his mail in prison. As the district court noted, however, under FED. BANKR. R. 9002, "[l]ack of notice of the entry [of a judgment or order] does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed."

The district court was correct in dismissing the appeal to it. The district court's judgment of dismissal, accordingly, is AFFIRMED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.